PER CURIAM.
In these attorney disciplinary proceedings against Respondent Lawrence Borns, we have considered the report and recommendations therein of the Referee, Frank L. Pyle, which we approve as hereinafter explained. The Respondent has made no request for hearing before us and the Referee’s findings have come on for due disposition.
*487 As to Count I of The Florida Bar’s complaint against Respondent, the Referee found as follows:
“After considering all of the pleadings, exhibits and evidence before me, I find that:
“1. Respondent represented the complaining witness as her attorney and during the period of such representation received and had in his possession certain tax certificates covering property belonging to complainant.
“2. Endorsements on said certificates were altered after execution.
“3. Respondent knowingly presented said, tax certificates bearing altered endorsements to the Clerk of the Court for the purpose of having title to said certificates transferred to his name.
“4. Even assuming, arguendo, respondent had a secret intent to protect property of his client, as testified by him, the presentation of certificates altered in this manner is a violation of the code of ethics.”
As to Count III of the Bar’s complaint against Respondent, the Referee found as follows:
“After considering all of the pleadings, exhibits and evidence before me, I find that:
“1. Respondent represented both parties in subject real estate transaction involving a motel and prepared the Contract for Sale And Purchase, Exhibit #1.
“2. Respondent, at all pertinent times, knew or should have known that one of the mortgages to be assumed as part of the transaction contained a ‘balloon’ provision, under which the total substantial balance would become due in five years, and that the other mortgage being assumed contained an acceleration provision precluding sale of the property with assumption without consent of the mortgage holder.
“3. Respondent neglected to recite in the contract for sale and purchase which he prepared the facts concerning the mortgages of balloon and acceleration provisions, although at that time he knew or should have known of those facts.
“4. Respondent neglected to inform his client, the purchaser, of the acceleration provision either at the time of execution of the contract, by interim title information, or at time of closing, and failed to adequately inform his client of balloon mortgage provision.
“5. Respondent did not intentionally nor wilfully conceal or omit this information, but he was guilty of negligence.”
As to Count I, the Referee .recommended as follows:
“As to Count I, it is recommended that respondent be found guilty of misconduct justifying disciplinary measures, as charged in the complaint, and particularly that he be found guilty of violation of Rule 11.02(3) (a) of Article XI of the Integration Rule of The Florida Bar, as amended, and Rules 23 and 27, Additional Rules Governing the Conduct of Attorneys in Florida.
“On the basis of this complaint alone, the referee would recommend that the respondent be administered a public reprimand.”
As to Count III, the Referee recommended as follows:
“As to Count III, it is recommended that the respondent be found guilty of misconduct justifying disciplinary measures, as charged in the complaint of failure to inform his clients of balloon and acceleration provisions in mortgages to be assumed, and particularly that he be found guilty of violation of Article XI, Rule 11.02(3) (a) of the Integration Rule and Rule 30, Additional Rules Governing the Conduct of Attorneys in Florida.
“On the basis of this complaint alone, the referee would recommend that the respondent be administered a private reprimand.
*488 “On the consolidated Counts I and III, the referee recommends that the respondent be administered a public reprimand.” (Emphasis supplied.)
The Florida Bar’s complaint in Count II was dismissed by the Referee.
Reference to the Court file in these proceedings will inform in greater detail the allegations of the complaints, the gist of the testimony, etc.
The foregoing considered, the findings and recommendations of the Referee are approved.
Therefore, it is ordered that the Respondent, Lawrence W. Borns, be and he is hereby publicly reprimanded for the misconduct reported herein. The publication of this order and judgment shall constitute public reprimand.
It is further ordered that the costs of these proceedings incurred by The Florida Bar in the sum of $727.51 are taxed and assessed to Respondent.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.